UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LATRELL THOMAS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GUFFEY, et al.,<br><br>　　　　　Defendants. | No. 2: 14-cv-0066 JAM KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Several matters are pending before the court.

<u>Plaintiff's Claims</u>

In order to put the pending motions in context, the undersigned summarizes plaintiff's claims herein.

Plaintiff has filed a motion for leave to file a second amended complaint and proposed second amended complaint. (ECF No. 56.) By separate order, the undersigned has granted plaintiff's motion for leave to file the second amended complaint. Accordingly, the allegations against defendants Ruiz, Guffey and Link-Lopez in the second amended complaint are summarized herein.

Plaintiff alleges that on March 4, 2013, defendants assaulted him in apparent retaliation for plaintiff's earlier statements which were disrespectful of defendant Guffey's wife and family.

1

1  (Id. at 11-12.)  Plaintiff alleges that defendant came to his cell armed with pepper spray.  (Id. at
2  11.)  Plaintiff alleges that after his cell door was opened, defendant Ruiz grabbed his right arm
3  and rammed plaintiff's head into the edge of the door.  (Id.)  In self-defense, plaintiff punched
4  defendant Ruiz which caused defendant Ruiz's nose to bleed.  (Id.)  At this point, plaintiff's cell
5  door was closed.  (Id.)  Moments later, defendant Guffey returned to the tier and tried to clean up
6  defendant Ruiz's blood, but missed a spot.  (Id.)  On March 5, 2013, Sergeant Ortiz took photos
7  of defendant Ruiz's blood on tier.  (Id.)  Plaintiff alleges that when defendants attacked him,
8  defendant Ruiz mentioned that the attack was because of the disrespectful statements plaintiff
9  made regarding defendant Guffey's family.  (Id. at 12.)

10  Plaintiff alleges that defendants' deliberate indifference to his safety caused him to suffer
11  physical injury and emotional distress.  (Id. at 17.)

12  Plaintiff's Objection to Subpoena (ECF No. 38)

13  Plaintiff objects to defendants' subpoena requesting production of plaintiff's medical and
14  mental health records from November 1, 2012, through the present.  (ECF No. 38.)  Plaintiff
15  argues that the information in these records is privileged and protected.  (Id. at 1.)

16  On October 27, 2014, defendants filed a response to plaintiff's objections to the subpoena
17  for his medical and mental health records.  (ECF No. 47.)  Defendants state that the subpoena
18  called for production of the records by October 13, 2014.  (Id. at 2.)  However, California State
19  Prison-Sacramento ("CSP-Sac") produced the records early with defendants receiving them on
20  October 2, 2014.  (Id. )  Plaintiff filed his objections to the subpoena on October 6, 2014.  (Id.)

21  In the response, defendants argue that plaintiff waived any privacy rights with respect to
22  his mental health records by claiming that defendants caused him to suffer emotional distress.
23  Defendants also state that in response to discovery requests, plaintiff claims that the incident
24  involving defendants required him to receive treatment for paranoia and lack of sleep.  (ECF No.
25  47-1 at 2.)  Defendants also state that it is apparent from plaintiff's deposition testimony that he
26  has a history of mental health issues.  Defendants state that with a history of mental health issues,
27  it is necessary to evaluate the claims made by plaintiff in order to discern injuries actually caused
28  by the alleged violations of defendants.  (ECF No. 47 at 5.)

Under Federal Rule of Civil Procedure 45(a)(1)(c), a nonparty to a civil suit, such as a mental health practitioner or primary care physician, can be subpoenaed for documents relevant to the suit. Under Federal Rule of Civil Procedure 26(b)(1), documents are discoverable if they are not privileged and are "relevant to any party's claim or defense" or "reasonably calculated to lead to the discovery of admissible evidence." A court may quash an otherwise relevant subpoena if the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii).

A party enjoys privacy rights in his medical records in general. See Bertram v. Sizelove, 2012 WL 273083, at *2 (E.D. Cal. Jan. 30, 2012). However, a party may waive these privacy rights if the party puts their contents at issue in a case. Smith v. Solano Cnty., 2012 WL 3727332, at *1 (E.D. Cal. Aug. 24, 2012); Bertram, 2012 WL 273083, at *3. Any waiver, however, is "limited to the private information that is relevant to the lawsuit." Enwere v. Terman Associates, L.P., 2008 WL 5146617, at *2 (N.D. Cal. Dec. 4, 2008) (citation omitted).

In this action, plaintiff seeks money damages against defendants for causing him to suffer physical and emotional injuries. Thus, plaintiff has placed his medical and mental condition at issue, and thereby waived his privacy rights with respect to his medical and mental health records. Defendants are entitled to discovery of these records to the extent they are relevant to these claims. Defendants' subpoena for these records, from November 1, 2012, through the present, is reasonable. Accordingly, plaintiff's objection to the subpoena, construed as a motion to quash, is denied.

Plaintiff's Motion to Modify the Scheduling Order (ECF No. 40)

*Background*

The July 10, 2014 discovery order set the discovery deadline for October 24, 2014, and the dispositive motion deadline for January 16, 2015. (ECF No. 24.)

In the pending motion, filed October 14, 2014, plaintiff requests that the discovery deadline be extended on three grounds. First, he alleges that additional time is required to conduct discovery because defendant Yang has not yet been served. (ECF No. 40-1 at 3.) Plaintiff also alleges that defendants Guffee, Link-Lopez and Ruiz did not adequately answer

3

interrogatories, requests for admissions and requests for production of documents. (ECF No. 40 at 1.) Plaintiff alleges that he requires additional time to prepare motions to compel regarding these inadequate responses to his discovery requests. (Id.) Plaintiff also alleges that on October 4, 2014, he served a subpoena on the Warden at CSP-Sac to produce reports of the Office of Internal Affair investigation of the incident alleged in the complaint. (Id. at 2.) Plaintiff alleges that he may be required to file a motion to compel regarding the documents requested in that subpoena. (Id.)

On November 3, 2014, defendants filed an opposition to plaintiff's motion to modify the scheduling order. (ECF No. 49.)

*Discussion*

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

On December 5, 2014, the parties stipulated to the dismissal of defendant Yang. (ECF No. 55.) Thus, the discovery deadline need not be extended so that plaintiff may serve discovery requests on defendant Yang.

Attached to plaintiff's motion are the discovery responses for which plaintiff apparently seeks additional time to file motions to compel. Attached are defendants' responses to plaintiff's request for production of documents. (ECF No. 40 at 18-33.) However, plaintiff filed a timely motion to compel regarding defendants' responses to his request for production of documents, which the undersigned addressed by separate order.

Also attached are defendant Guffee's response to plaintiff's interrogatories. (Id. at 15.) The undersigned herein addressed defendant Guffee's response to these interrogatories in the section of this order addressing plaintiff's motion to serve additional interrogatories.

Because the undersigned has addressed the two discovery requests attached to plaintiff's motion to modify the scheduling order, the undersigned finds that plaintiff has not shown good cause to extend the discovery cut-off date so that he may file additional motions to compel regarding defendants' responses to his discovery requests.

4

Plaintiff also requests additional time to file a motion to compel regarding a subpoena served on the Warden at CSP-Sac requesting reports prepared by the Office of Internal Affairs regarding the investigation of the incident alleged in the complaint. However, plaintiff has separately filed a motion requesting court assistance in serving a subpoena on the Office of Internal Affairs seeking the same documents (ECF No. 59), which the undersigned addresses by separate order. Based on these circumstances, the undersigned reasonably infers that the CSP-Sac Warden does not possess the documents requested in the subpoena served on him. Instead, these documents are in the possession of the Office of Internal Affairs. Therefore, plaintiff does not require additional time to file a motion to compel regarding the subpoena served on the CSP-Sac Warden.

For the reasons discussed above, plaintiff's motion to modify the scheduling order is denied.

Plaintiff's Motion to Attend the Depositions of Inmate Witnesses (ECF No. 41)

Plaintiff requests that he be allowed to attend the depositions of inmates Debose, Carter and Haynes, set for October 23, 2014. (ECF No. 41 at 1.) Plaintiff filed this motion on October 17, 2014. Because the time for the depositions of inmates Debose, Carter and Haynes has passed, plaintiff's motion to attend the depositions is denied as moot.

Plaintiff's Motion to Serve Additional Interrogatories (ECF No. 46)

In the motion to file additional interrogatories filed October 21, 2014, plaintiff requests permission to serve defendants Guffee, Link-Lopez and Ruiz with 25 additional interrogatories. (ECF No. 46 at 1.) In support of this request, plaintiff alleges that he served defendants with 25 interrogatories which referred to the "incident." (Id.) Plaintiff alleges that in their response to the interrogatories, defendants objected that the term "incident" was vague, ambiguous, overbroad and unintelligible. (Id.) In the pending motion, plaintiff states that by "incident," he referred to the March 4, 2013 incident of excessive force alleged in the complaint. Plaintiff requests that he be allowed to serve defendants with new interrogatories so that he may clarify the "incident" to which he referred in the original interrogatories.

////

5

On November 10, 2014, defendants filed an opposition to plaintiff's motion to serve additional interrogatories. (ECF No. 50.) Defendants argue that plaintiff has not met his burden of demonstrating the need for additional interrogatories. Defendants argue that in the pending motion, plaintiff seeks to circumvent the discovery cut-off deadline.

The undersigned construes plaintiff's motion to serve additional interrogatories as a timely motion to compel defendants to provide further responses to the interrogatories referring to the "incident."

Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(4); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981). The responding party shall use common sense and reason. E.g., Collins v. Wal–Mart Stores, Inc., 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008).

In the at-issue interrogatories, it is clear that by using the term "incident," plaintiff referred to the only incident alleged in the amended complaint: defendants' alleged use of excessive force against plaintiff on March 4, 2013. For example, interrogatory no. 1 asks, "Who told the control officer to open Plaintiff Thomas's assign cell door on the night of the incident?" (ECF No. 46 at 6.) Common sense and reason dictate that this interrogatory refers to the March 4, 2013 incident described in the amended complaint. Accordingly, defendants are directed to file amended responses to the following interrogatories, based on the assumption that the interrogatory refers to the March 4, 2013 incident: Defendant Guffee interrogatory nos. 1, 2, 3, 4, 5, 6, 9, 10, 11, 12, 13, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25; defendant Lopez-Link interrogatory nos. 2, 3, 4, 5, 8, 9, 11, 12, 13, 14, 15, 17, 18, 21, 23, 24, 25; defendant Ruiz: interrogatory nos. 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, 12, 13, 16, 17, 18, 19, 22, 23, 24, 25.

Defendants shall serve plaintiff with their amended responses within thirty days of the date of this order. Plaintiff may file a motion to compel regarding the amended responses within thirty days thereafter.

////

////

Plaintiff's Motion for Appointment of Counsel and to Stay (ECF No. 57)

On December 22, 2014, plaintiff filed a motion for the appointment of counsel and a motion to stay this action. (ECF No. 57.) Plaintiff alleges that on November 29, 2014, he cut his left arm and the right side of his neck because he heard voices in his head. (Id. at 1.) Plaintiff also alleges that on December 11, 2014, he set himself on fire, and on December 3, 2014, he attempted to hang himself. (Id.) Plaintiff requests that the court appoint counsel and that this action be stayed because he is unable to litigate this action at this time. (Id. at 3.)

On December 8, 2014, plaintiff filed a motion to amend and a proposed second amended complaint. (ECF No. 56.) The filing of this motion, around the time plaintiff filed his motion to stay, indicates that plaintiff is able to prosecute this action. In addition, on March 2, 2015, plaintiff filed an 18 page motion requesting that the court serve a subpoena on his behalf. (ECF No. 59.) The filing of this recent motion also indicates that plaintiff is presently able to litigate this action. For these reasons, plaintiff's motion to stay is denied.

With regard to plaintiff's motion for appointment of counsel, district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. The court will reconsider this request if it appears, at a later time, that

7

exceptional circumstances exist warranting appointment of counsel.

Scheduling

Pursuant to the July 10, 2014 scheduling order, all discovery between plaintiff and defendants Guffey, Ruiz and Link-Lopez is closed but for the limited discovery ordered in the instant order. By separate order, the undersigned has granted plaintiff's motion for leave to file an amended complaint. In this order, the undersigned ordered service of defendant Akin. Following service of defendant Akin, the undersigned will issue a scheduling order setting forth the dates for discovery between plaintiff and defendant Akin.

The January 16, 2015 deadline for filing dispositive motions has passed and no dispositive motions have been filed. Following service of defendant Akin, the undersigned will inquire whether the parties wish to file dispositive motions.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's objections to defendants' subpoena (ECF No. 38), construed as a motion to quash, is denied;

2. Plaintiff's motion to modify the scheduling order (ECF No. 40) is denied;

3. Plaintiff's motion to attend the deposition of witnesses (ECF No. 41) is denied;

4. Plaintiff's motion to serve additional interrogatories (ECF No. 46), construed as a motion to compel, is granted; within thirty days, defendants shall serve plaintiff with amended responses to the interrogatories discussed above; plaintiff may file a motion to compel regarding these amended responses within thirty days thereafter;

5. Plaintiff's motion to stay and for appointment of counsel (ECF No. 57) is denied.

Dated: March 13, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Thom66.ord