1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JASON LATRELL THOMAS,              No.  2:  14-cv-0066 JAM KJN P

12              Plaintiff,

13       v.                            ORDER

14   GUFFY, et al.,

15              Defendants.

16

17       Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pending before the court is plaintiff's March 2, 2015 motion for court

19   assistance in serving a subpoena.  (ECF No. 59)  For the reasons stated herein, plaintiff's motion

20   for assistance in serving the subpoena is granted.

21       Plaintiff requests that the court serve his subpoena on the Office of Internal Affairs in

22   Sacramento.  This subpoena, attached to plaintiff's motion, requests production of,

23           ...officers statements per Internal Affairs reports and interviews of
             all witnesses as well as final disposition of staff complaint 602 log
24           No.  CSP-Sac  T-13-0911  against  CSP-Sacramento  Officer  R.
             Guffee, Link Lopez and Ruiz.
25

26   (ECF No. 59 at 6.)

27   ////

28   ////

                              1

1      The internal affairs reports are the documents plaintiff sought from defendants in a motion

2   to compel, discussed in a separate order.  The undersigned found that defendants did not have

3   these documents in their possession, custody or control.

4      In his separately filed motion to modify the scheduling order (ECF No. 40), plaintiff

5   stated that he served a subpoena on the Warden of California State Prison-Sacramento ("CSP-

6   Sac") requesting the Internal Affairs reports and interviews.  In the motion to modify the

7   scheduling order, plaintiff requested an extension of time to file a motion to compel regarding the

8   response to that subpoena by the CSP-Sac Warden.  In the order addressing the motion to modify

9   the scheduling order, the undersigned reasonably inferred that the CSP-Sac Warden did not have

10  these documents, as plaintiff had filed the pending motion indicating that he was now seeking

11  them from the Office of Internal Affairs.

12     The discovery deadline was October 24, 2014.  (ECF No. 24.)  However, the undersigned

13  finds good cause to modify the scheduling order to allow plaintiff to serve the subpoena described

14  above on the Office of Internal Affairs.  Fed. R. Civ. P. 16(b).  As discussed in the order

15  addressing plaintiff's motion to modify the scheduling order, plaintiff has been diligent in seeking

16  the documents sought in the subpoena.  Accordingly, the undersigned turns to plaintiff's request

17  for court assistance in serving this subpoena.

18     Federal Rule of Civil Procedure 45 governs subpoenas issued to third parties. A subpoena

19  is required to procure testimony or documents from one who is not a party to the action or

20  controlled by a party to the action.  Fed. R. Civ. P. 45.  The subpoena must be served by a non-

21  party who is at least eighteen years old.  Fed. R. Civ. P. 45(b)(1).  Service of a subpoena must be

22  made by personally delivering a copy of the subpoena to the person being served and there is no

23  substitute service.  See Prescott v. County of Stanislaus, 2012 WL 10617, *3 (E.D. Cal. Jan .3,

24  2012) (stating that "[p]ersonal service of a deposition subpoena is required by Fed.R.Civ.P.

25  45(b)(1)," that "[a] majority of courts interpret 'delivering' to require personal service," and

26  noting that while "the Ninth Circuit has not issued a published opinion on this topic, more than a

27  decade ago, in Chima v. United States Dep't of Defense, 23 Fed. Appx. 721 at *6–7 (9th Cir.

28  Dec. 14, 2001), the court issued an unpublished decision affirming trial court's refusal to compel

1   compliance with subpoena that was served by mail") (citing <u>San Francisco BART Dist. v.</u>

2   <u>Spencer</u>, 2006 WL 2734284 (N.D. Cal. Sept. 25, 2006); <u>Alexander v. Cal. Dep't of Corr.</u>, 2011

3   WL 1047647 (E.D. Cal. Mar. 16, 2011) (personal service required under Rule 45(b)(1)); and

4   <u>Collagen Nutraceuticals, Inc. v. Neocell Corp.</u>, 2010 WL 3719101 (S.D. Cal. Sept. 17, 2010)

5   ("Rule 45 mandates personal service for subpoenas.").

6        In essence, plaintiff requests that the court direct the U.S. Marshal to serve his subpoena

7   for him.  The court must "issue and serve all process and perform all such duties" for a plaintiff

8   proceeding in forma pauperis. 28 U.S.C.1915(d).  Plaintiff, proceeding in forma pauperis, thus "is

9   generally entitled to obtain service of a subpoena duces tecum by the United States Marshal.  28

10  U.S.C.1915(d)." <u>Heilman v. Lyons</u>, 2010 WL 5168871, *1 (E.D. Cal. Dec.13, 2010); <u>but see,</u>

11  <u>Garcia v. Grimm</u>, 2012 WL 216565, * 4 (S.D. Cal. Jan. 23, 2012) (citing <u>Tedder v. Odel</u>, 890

12  F.2d 210, 211, 212 (9th Cir. 1989) ("Plaintiff, however, is responsible for paying all fees and

13  costs associated with the subpoenas ....fees are not waived based on Plaintiff's in forma pauperis

14  status").

15       Because Federal Rule of Civil Procedure 45(b) requires personal service of a subpoena,

16  "'[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not

17  taken lightly by the court,' <u>Austin v. Winett</u>, 2008 WL 5213414, *1 (E.D. Cal. 2008); 28 U.S.C. §

18  1915(d)." <u>Alexander v. California Dept. of Corr.</u>, 2010 WL 5114931, *3 (E.D. Cal. Dec. 9,

19  2010).

20       Limitations include the relevance of the information sought as well
21  as the burden and expense to the non-party in providing the
    requested information.  Fed.R.Civ.P. 26, 45.  A motion for issuance
22  of a subpoena duces tecum should be supported by clear
    identification of the documents sought and a showing that the
23  records are obtainable only through the identified third party.  <u>See,</u>
    <u>e.g.</u>, <u>Davis v. Ramen</u>, 2010 WL 1948560, *1 (E.D. Cal. 2010);
    <u>Williams v. Adams</u>, 2010 WL 148703, *1 (E.D. Cal. 2010).  The
24  "Federal Rules of Civil Procedure were not intended to burden a
    non-party with a duty to suffer excessive or unusual expenses in
25  order to comply with a subpoena duces tecum." <u>Badman v. Stark</u>,
    139 F.R.D. 601, 605 (M.D. Pa. 1991); <u>see also</u>, <u>United States v.</u>
26  <u>Columbia Broadcasting System, Inc.</u>, 666 F.2d 364 (9th Cir. 1982)
    (court may award costs of compliance with subpoena to non-party).
27  Non-parties are "entitled to have the benefit of this Court's
    vigilance" in considering these factors.  <u>Badman</u>, 139 F.R.D. at
28  605. <u>Alexander v. California Dept. of Corrections</u>, 2010 WL

1          5114931 * 3 (E.D. Cal. 2010).

2   Id.; Lopez v. Schwarzenegger, 2012 WL 78377 (E.D. Cal. Jan. 10, 2012) (same).

3          The information sought by plaintiff in the subpoena is relevant to this action.  These

4   documents are not obtainable from defendants.  Accordingly, plaintiff's motion for court

5   assistance in serving the subpoena is granted.

6          However, the subpoena that plaintiff has submitted is defective inasmuch as it is not

7   signed by the Clerk of the Court.  Federal Rule of Civil Procedure 45(a)(3) requires that "[t]he

8   clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party

9   must complete it before service."  Therefore, at the outset, a new subpoena, blank but signed by

10  the Clerk of the Court, must issue to plaintiff.  Accordingly, the undersigned herein directs the

11  Clerk of the Court to issue a blank subpoena to plaintiff.  Plaintiff shall then complete the

12  subpoena and return it to the United States Marshal's Office.

13         The undersigned also finds that the subpoena submitted by plaintiff does not describe the

14  documents sought regarding the internal affairs investigation in sufficient detail.  In the subpoena

15  submitted to the United States Marshal's Office, plaintiff shall describe the investigatory

16  documents regarding the Internal Affairs investigation in more detail so that the Office of Internal

17  Affairs is able to identify the documents sought.  In addition to describing the documents as

18  relating to the internal affairs investigation, plaintiff shall identify the date of the incident

19  investigated ( i.e. March 4, 2013) and the persons involved (i.e., defendants Guffey, Link-Lopez

20  and Ruiz).

21         Accordingly, IT IS HEREBY ORDERED that:

22         1.  Plaintiff's motion for court assistance in serving subpoenas (ECF No. 59) is granted;

23         2.  The Clerk of the Court is directed to issue one blank subpoena to plaintiff;

24         3.  Within twenty-one days of the date of this order, plaintiff shall send the completed

25  subpoena to the United States Marshal's Office, 501 I Street, Sacramento, California, 95814;

26  within that time, plaintiff shall also file a notice with the court indicating that he sent the

27  subpoena to the United States Marshal;

28  ////

4

1        4.  The Clerk of the Court is directed to serve a copy of this order on the United States

2   Marshal.

3   Dated:  March 13, 2015

4

5                                                          KENDALL J. NEWMAN
                                                           UNITED STATES MAGISTRATE JUDGE

6

7

8   Thom66.sub

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28