UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LATRELL THOMAS,<br><br>  Plaintiff,<br><br>  v.<br><br>GUFFEY, et al.,<br><br>  Defendants. | No. 2:14-cv-0066 JAM KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On March 13, 2015, the undersigned directed defendants to file a declaration in support of their invocation of the information privilege within ten days. (ECF No. 61.) Ten days passed and defendants did not respond to the March 13, 2015 order. Accordingly, on April, 2015, the undersigned ordered defendants to show cause why sanctions should not be imposed for their failure to comply with the March 13, 2015 order. (ECF No. 69.)

On April 9, 2015, defendants filed a response to the order to show cause and a declaration in support of their invocation of the official information privilege. (ECF Nos. 71, 72.) Good cause appearing, the order to show cause is discharged. The undersigned herein addresses defendants' declaration.

////

////

1

Plaintiff's Claims

Plaintiff alleges that on March 4, 2013, defendants assaulted him in apparent retaliation for plaintiff's earlier statements which were disrespectful of defendant Guffey's wife and family. (ECF No. 56 at 11-12.) Plaintiff alleges that defendants came to his cell armed with pepper spray. (Id. at 11.) Plaintiff alleges that after his cell door was opened, defendant Ruiz grabbed his right arm and rammed plaintiff's head into the edge of the door. (Id.) Allegedly in self-defense, plaintiff punched defendant Ruiz which caused defendant Ruiz's nose to bleed. (Id.) At this point, plaintiff's cell door was closed. (Id.) Moments later, defendant Guffey returned to the tier and tried to clean up defendant Ruiz's blood, but missed a spot. (Id.) On March 5, 2013, Sergeant Ortiz took photos of defendant Ruiz's blood. (Id.) Plaintiff alleges that when defendants attacked him, defendant Ruiz mentioned that the attack was because of the disrespectful statements plaintiff made regarding defendant Guffey's family. (Id. at 12.)

Legal Standard

"Federal common law recognizes a qualified privilege for official information." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990) ("[g]overnment personnel files are considered official information."). This qualified privilege "must be formally asserted and delineated in order to be raised properly." Kerr v. U.S. District Court, 511 F.2d 192, 198 (9th Cir. 1975) (internal citations omitted). To properly invoke the official information privilege, "[t]he claiming official must 'have seen and considered the contents of the documents and himself have formed the view that on grounds of public interest they ought not to be produced' and state with specificity the rationale of the claimed privilege." Id.

The party invoking the privilege must at the outset make a "substantial threshold showing" by way of a declaration of affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit. Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D.Cal. 1995). The affidavit must include:

> (1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the

> material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made.

Id. (quoting Kelly v. City of San Jose, 114 F.R.D. 653, 670 (N.D.Cal. 1987).

If the party meets the threshold showing, the court balances the interests and decides whether the privilege applies. "To determine whether the information sought is privileged, courts must weigh the potential benefits of the disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery." Sanchez, 936 F.2d at 1034; see also Martinez v. City of Stockton, 132 F.R.D. 677 (E.D.Cal. 1990). Where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protective privacy interest, a need may arise for the court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(b).

Discussion

In the motion to compel, plaintiff requested the Internal Affairs findings regarding the March 4, 2013 incident involving defendants. (ECF No. 32.) In response, defendants invoked the official information privilege. (ECF No. 39.)

On April 9, 2015, defendants filed the declaration of J. Macomber, Warden at California State Prison-Sacramento ("CSP-Sac") in support of their invocation of the official information privilege regarding the Internal Affairs findings. (ECF No. 71.) Warden Macomber states that he has reviewed the Internal Affairs Investigation and Findings for defendants and believes that disclosure of these documents would violate governmental and privacy interests of defendants. (Id. at 2.) Warden Macomber states that these documents contain confidential and private personal information about prison employees, officers and inmates which may have been provided to investigators on a confidential basis. (Id.) Warden Macomber also states that he does not believe that a carefully crafted protective order would eliminate the risks of harm caused by disclosure of the information in the documents. (Id. at 3.)

The undersigned finds that defendants, by way of the declaration of Warden Macomber, have made a sufficient showing that the documents sought by plaintiff regarding the Internal

Affairs findings are possibly protected by the official information privilege. Under these circumstances, the court will direct defendants to submit to the undersigned for in camera review the responsive documents. Defendant shall include a detailed log describing the documents and setting forth defendants' argument for withholding the documents from plaintiff. The undersigned will then determine whether it is appropriate for defendants to produce the documents, whether in unredacted or redacted form, or subject to a protective order.

Accordingly, IT IS HEREBY ORDERED that:

1. The April 2, 2015 order to show cause is discharged;

2. Within fourteen days of the date of this order, defendants shall submit the documents responsive to plaintiff's request for the Internal Affairs findings and the log described above.

Dated:  April 28, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Thom66.inf