UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LATRELL THOMAS, | No. 2:14-cv-0066 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| GUFFEY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Several matters are pending before the court.

Motion for Documents

On March 23, 2015, plaintiff filed a motion stating that he was put up for transfer to the Department of State Hospitals within seven days. (ECF No. 65.) Plaintiff alleges that under the rules of the California Department of Corrections and Rehabilitation ("CDCR"), his legal property will not be transferred to the state hospital unless he has an active case pending in the courts. Plaintiff requests that the court direct prison officials to transfer his legal property with him to the state hospital.

On April 13, 2015, plaintiff filed a notice of change of address indicating that he has been transferred to the California Medical Facility ("CMF"). (ECF No. 74.) Because plaintiff was not transferred to a state hospital, his request for a court order directing prison officials to transfer his

1

legal property to a state hospital is moot.

Motion for Appointment of Counsel

On April 20, 2015, plaintiff filed a motion for the appointment of counsel. (ECF No. 77.) District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Plaintiff alleges that he is now housed at CMF where he is being forced to take psychotropic medication. Plaintiff alleges that he will have limited access to legal supplies. Plaintiff also alleges that his legal property will not follow him unless he notifies prison officials that he has an active case.

In the motion for appointment of counsel, plaintiff does not allege that he is presently being denied access to his legal property. The undersigned also observes that on April 20, 2015, plaintiff filed two, albeit brief, motions to compel. (ECF No. 78, 79.)

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Accordingly, plaintiff's motion for appointment of counsel is denied.

Motion to Compel re:  Subpoena

On March 13, 2015, the undersigned granted plaintiff's motion for issuance of subpoenas. (ECF No. 63.) In particular, the undersigned directed the United States Marshal to assist plaintiff

1   in serving his subpoena directed to the Office of Internal Affairs.  Plaintiff was directed to send
2   his completed subpoena to the United States Marshal's Office, 501 I Street, Sacramento
3   California, 95814, which thirty days.
4       In the pending motion to compel, plaintiff alleges that he has not received a response to
5   the subpoena he submitted for service to the United States Marshal.  (ECF No. 79.)
6       On March 23, 2015, plaintiff filed a notice with the court stating that he had submitted his
7   subpoena for service.  (ECF No. 64.)  This notice states that he mailed his subpoena to the United
8   States Marshal's Office.  The United States Marshal's Office has informed the court that they did
9   not receive any subpoena from plaintiff.  Accordingly, plaintiff is directed to resubmit the
10  subpoena to the United States Marshal.
11  <u>Request for Assistance in Serving Subpoena</u>
12      On April 13, 2015, plaintiff filed a motion requesting the court's assistance in serving
13  subpoena's on California State Prison-Corcoran Medical/Mental Health Chief of Staff.  (ECF No.
14  75.)  Plaintiff alleges that in October and November 2014, he made numerous requests to
15  California State Prison-Sacramento to produce his medical records pursuant to an Olsen review.
16  In December 2014 and January 2015, plaintiff alleges that he made the same request to prison
17  officials at California State Prison-Corcoran.  Plaintiff indicates that he did not receive the
18  requested Olsen reviews.  Plaintiff requests that the court assist him in serving a subpoena to
19  obtain these documents.
20      Plaintiff is now housed at CMF, where his medical records are presumably located.
21  Plaintiff is directed to submit a request for an Olsen review to prison officials at CMF within ten
22  days.  If plaintiff does not receive a response to his request for an Olsen review within thirty days
23  from the date of this order, he shall notify the court.  In this notification, plaintiff shall include
24  information regarding when he submitted his request for an Olsen review, to whom he submitted
25  the request, and any response he received from prison officials.
26      Accordingly, IT IS HEREBY ORDERED that:
27      1. Plaintiff's motion for a court order for legal documents (ECF No. 65) is denied;
28      2. Plaintiff's motion for appointment of counsel (ECF No. 77) is denied;

3.  Plaintiff's motion to compel regarding his subpoena (ECF No. 79) is denied;

4.  The Clerk of the Court is directed to issue one blank subpoena to plaintiff;

5.  Within fourteen days of the date of this order, plaintiff shall send the completed subpoena to the United States Marshal's Office, 501 I Street, Suite 5600, Sacramento, California, 95814; within that time, plaintiff shall also file a notice with the court indicating that he sent the subpoena to the United States Marshal at this address;

6.  The Clerk of the Court is directed to serve a copy of this order on the United States Marshal;

7.  Plaintiff's request for assistance in serving subpoenas (ECF No. 75) is denied; plaintiff shall follow the deadlines set forth in the order above regarding his request for an Olsen review.

Dated:  April 28, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Thom66.clp