UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LATRELL THOMAS, | No. 2:14-cv-0066 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| GUFFEY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is the May 22, 2015 motion to quash subpoena duces tecum filed by the California Department of Corrections and Rehabilitation ("CDCR") and Special Agent M. Ortega. (ECF No. 91.) On June 2, 2015, plaintiff filed a response to this motion. (ECF No. 94.)

Following the reasons stated herein, CDCR and Special Agent Ortega are directed to submit the at-issue documents for in-camera review.

Plaintiff's Claims

Plaintiff alleges that on March 4, 2013, defendants assaulted him in apparent retaliation for plaintiff's earlier statements which were disrespectful of defendant Guffey's wife and family. (ECF No. 56 at 11-12.) Plaintiff alleges that defendants came to his cell armed with pepper spray. (Id. at 11.) Plaintiff alleges that after his cell door was opened, defendant Ruiz grabbed

1

his right arm and rammed plaintiff's head into the edge of the door. (Id.) Allegedly in self-defense, plaintiff punched defendant Ruiz which caused defendant Ruiz's nose to bleed. (Id.) At this point, plaintiff's cell door was closed. (Id.) Moments later, defendant Guffey returned to the tier and tried to clean up defendant Ruiz's blood, but missed a spot. (Id.) On March 5, 2013, Sergeant Ortiz took photos of defendant Ruiz's blood. (Id.) Plaintiff alleges that when defendants attacked him, defendant Ruiz mentioned that the attack was because of the disrespectful statements plaintiff made regarding defendant Guffey's family. (Id. at 12.)

Discussion

Plaintiff's subpoena seeks disclosure of Internal Affairs Investigative Materials relating to the incident subject of this action. CDCR and Special Agent Ortega move to quash the subpoena on grounds that the Internal Affairs investigative file consists of official information protected from disclosure.

Federal Rule of Civil Procedure 45 requires a court to quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies; or ... subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). The party moving to quash a subpoena bears the burden of persuasion, "but the party issuing the subpoena must demonstrate that the discovery sought is relevant." Drummond Co. v. Collingsworth, 2013 WL 6074157, at *9 (N.D.Cal. 2013).

*Legal Standard for Official Information Privilege*

"Federal common law recognizes a qualified privilege for official information." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990) ("[g]overnment personnel files are considered official information."). This qualified privilege "must be formally asserted and delineated in order to be raised properly." Kerr v. U.S. District Court, 511 F.2d 192, 198 (9th Cir. 1975) (internal citations omitted). To properly invoke the official information privilege, "[t]he claiming official must 'have seen and considered the contents of the documents and himself have formed the view that on grounds of public interest they ought not to be produced' and state with specificity the rationale of the claimed privilege." Id.

////

The party invoking the privilege must at the outset make a "substantial threshold showing" by way of a declaration of affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit. Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D.Cal. 1995). The affidavit must include:

> (1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made.

Id. (quoting Kelly v. City of San Jose, 114 F.R.D. 653, 670 (N.D. Cal. 1987).

If the party meets the threshold showing, the court balances the interests and decides whether the privilege applies. "To determine whether the information sought is privileged, courts must weigh the potential benefits of the disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery." Sanchez, 936 F.2d at 1034; see also Martinez v. City of Stockton, 132 F.R.D. 677 (E.D. Cal. 1990). Where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protective privacy interest, a need may arise for the court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(b).

*Analysis*

CDCR and Special Agent Ortega argue that CDCR has a substantial interest in maintaining the confidentiality of its internal investigations. In support of this claim, CDCR and Special Agent Ortega have filed the declaration of CDCR Internal Affairs Litigation Coordinator Croyts-Schooley. (ECF No. 91-2.) Croyts-Schooley states that disclosing the Internal Affairs file will jeopardize inmate, staff and institutional safety and security by disclosing the techniques and methodology utilized by the Office of Internal Affairs, when conducting investigations. (Id. at 2.) Croyts-Schooley also states that disclosing the Internal Affairs file could also subject staff witnesses to harassment and manipulation by inmates. (Id.) In addition, inmate witnesses could

1  be subjected to harassment for having assisted law enforcement. (Id.)

2  The undersigned finds that CDCR and Special Agent Ortega have made a sufficient showing that the documents sought by plaintiff regarding the Internal Affairs investigation are possibly protected by the official information privilege. Under these circumstances, the court will direct CDCR and Special Agent Ortega to submit to the undersigned for in-camera review the responsive documents. The undersigned will then determine whether it is appropriate for defendants to produce the documents, whether in unredacted or redacted form, or subject to a protective order.

Accordingly, IT IS HEREBY ORDERED that:

1. Within ten days of the date of this order, CDCR and Special Agent Ortega shall submit for in-camera review the documents responsive to plaintiff's request for the Internal Affairs investigations described above;

2. The Clerk of the Court is directed to serve a copy of this order on Deputy Attorney General Stanton W. Lee.

Dated: June 17, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Thom66.inf(2)

4